## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DEMETRIUS WATSON,** | **:** | **Case No.1:24-cv-00833-TWT** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Judge Thomas W. Thrash, Jr.** |
| | **:** | |
| **DIVIDEND SOLAR FINANCE LLC,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

_____

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
_____

Defendant Dividend, a division of Fifth Third Bank, National Association, f/k/a Dividend Solar Finance LLC ("Dividend"), by counsel, states as follows for its Answer to Plaintiff Demetrius Watson's ("Plaintiff") Complaint. The following numbered paragraphs 1–94 correspond to the numbered paragraphs in Plaintiff's Complaint.

### **THE PARTIES**

1.      Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 1 of the Complaint, and therefore, denies the same.

2.      Dividend admits only that, at the time of filing Plaintiff's Complaint, Dividend Solar Finance LLC was registered to do business in the State of Georgia and that its registered agent for service was Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076. Dividend further admits that it is a national banking association doing business in the state of Georgia. Dividend denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 3 of the Complaint.

4.      Dividend admits only that it is a national banking association doing business in the state of Georgia. The allegations in Paragraph 4 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 5 of the Complaint.

## **FACTUAL ALLEGATIONS**

6.     To the extent that the allegations in Paragraph 6 refer to the Installer Agreement between Plaintiff and Power Home Solar, LLC, that document speaks for itself and no response is required. Dividend is without sufficient information to form a belief as to the truth of the remaining allegations contained in the Paragraph 6 of the Complaint, and therefore, denies the same.

7.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 7 of the Complaint, and therefore denies the same.

8.     To the extent that the allegations in Paragraph 8 refer to the Installer Agreement between Plaintiff and Power Home Solar, LLC, that document speaks for itself and no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 8 of the Complaint inconsistent with the Agreement. Dividend is without sufficient information to form a belief as to the truth of the remaining allegations contained in the Paragraph 8 of the Complaint, and therefore, denies the same.

9.     To the extent that the allegations in Paragraph 9 refer to the Installer Agreement between Plaintiff and Power Home Solar, LLC, that document speaks for itself and no response is required. To the extent a response is required, Dividend

denies any allegations in Paragraph 9 of the Complaint inconsistent with the Agreement. Dividend is without sufficient information to form a belief as to the truth of the remaining allegations contained in the Paragraph 9 of the Complaint, and therefore, denies the same.

10.     Dividend states that the Solar Financing Agreement speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 10 of the Complaint inconsistent with the Solar Financing Agreement.

11.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 11 of the Complaint, and therefore, denies the same.

12.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 12 of the Complaint, and therefore, denies the same.

13.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 13 of the Complaint, and therefore, denies the same.

14.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 14 of the Complaint, and therefore, denies the same.

15.     Dividend denies the allegations in Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint are not directed towards Dividend. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 are not directed toward Dividend, and therefore, no response is required. To the extent a response is required, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 17 of the Complaint, and therefore, denies the same.

18.     The allegations in Paragraph 18 are not directed toward Dividend, and therefore, no response is required. To the extent a response is required, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 18 of the Complaint, and therefore, denies the same.

19.     The allegations in Paragraph 19 are not directed toward Dividend. The complaints filed by the State of Ohio and the State of Missouri also speak for themselves. Therefore, no response is required. To the extent a response is required,

Dividend denies any allegations in Paragraph 19 of the Complaint inconsistent with the language of the complaints.

20.     The allegations in Paragraph 20 are not directed toward Dividend. The complaints filed by the State of Ohio and the State of Missouri also speak for themselves. Dividend states that the complaint filed by the State of Missouri speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 20 of the Complaint inconsistent with the complaint.

21.     Dividend denies the allegations in Paragraph 21 of the Complaint.

22.     Dividend states that any communications between it and state regulatory body speak for themselves. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 22 of the Complaint inconsistent with these communications. Dividend denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Dividend denies the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 24 of the Complaint. Further, Dividend is without sufficient information to form a belief as to the truth of the allegations

pertaining to actions of Pink Energy and other financing services companies, and therefore denies the same.

25.    To the extent the allegations contained in Paragraph 25 of the Complaint are directed towards Dividend, said allegations are denied. Dividend is without sufficient information to form a belief as to the truth of the remaining allegations contained in the Paragraph 25 of the Complaint, and therefore, denies the same.

26.    Dividend denies the allegations in Paragraph 26 of the Complaint.

27.    The allegations in Paragraph 27 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 27 of the Complaint.

28.    To the extent that the allegations in Paragraph 28 refer to the Solar Financing Agreement between Plaintiff and Dividend, that document speaks for itself and no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 28 of the Complaint inconsistent with the Agreement. The remaining allegations in Paragraph 28 of the Complaint state a legal conclusion and no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 28 of the Complaint.

29.     Dividend states that the FTC "Holder Rule," 16 C.F.R. § 433.2, and the 2012 advisory opinion issued by the FTC speak for themselves. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 29 of the Complaint inconsistent with the language of the Holder Rule or the 2012 advisory opinion.

30.     The allegations in Paragraph 30 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 30 of the Complaint. Further, Dividend states that case law and notices published in the Federal Register speak for themselves. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 30 of the Complaint inconsistent with the language of the case law or the Federal Register notices.

31.     The allegations in Paragraph 31 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 31 of the Complaint. Further, Dividend states that case law speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 31 of the Complaint inconsistent with the language of the case law.

32.     The allegations in Paragraph 32 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 32 of the Complaint.

33.     Dividend states that any correspondence between Plaintiff and Dividend speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 33 of the Complaint inconsistent with the language of the correspondence.

34.     The allegations in Paragraph 34 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 34 of the Complaint.

## <u>FIRST CAUSE OF ACTION – FRAUD</u>

35.     The allegations in Paragraph 35 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 35 of the Complaint. Dividend further states that, to the extent the allegations in Paragraph 35 refer to the acts and representations of Pink Energy, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 35 of the Complaint, and therefore, denies the same.

36.     The allegations in Paragraph 36 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 36 of the Complaint. Dividend further states that, to the extent the allegations in Paragraph 36 refer to the acts and representations of Pink Energy, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 36 of the Complaint, and therefore, denies the same.

37.     Dividend denies the allegation in Paragraph 37 of the Complaint that Pink Energy was acting as its agent. Dividend further states that, to the extent the allegations in Paragraph 37 refer to the acts and representations of Pink Energy, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 37 of the Complaint, and therefore, denies the same. Dividend denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 39 of the Complaint.

40.     Dividend denies the allegations in Paragraph 40 of the Complaint.

41.     Dividend denies the allegations in Paragraph 41 of the Complaint.

## **SECOND CAUSE OF ACTION – NEGLIGENCE**

42.     The allegations in Paragraph 42 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 35 of the Complaint, and therefore, denies the same.

43.     The allegations in Paragraph 43 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 44 of the Complaint.

45.    The allegations in Paragraph 45 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 45 of the Complaint.

46.    Dividend denies the allegations in Paragraph 46 of the Complaint.

## THIRD CAUSE OF ACTION – BREACH OF CONTRACT

47.    Dividend states that the Installer Agreement speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 47 of the Complaint inconsistent with the Installer Agreement.

48.    Dividend states that the Installer Agreement speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 48 of the Complaint inconsistent with the Installer Agreement.

49.    Dividend states that the Installer Agreement speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 49 of the Complaint inconsistent with the Installer Agreement.

50.    Dividend states that the Installer Agreement speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend

denies any allegations in Paragraph 50 of the Complaint inconsistent with the Installer Agreement.

51.    Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 51 of the Complaint, and therefore, denies the same.

52.    The allegations in Paragraph 52 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 52 of the Complaint.

53.    The allegations in Paragraph 53 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 53 of the Complaint.

54.    The allegations in Paragraph 54 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 54 of the Complaint.

55.    Dividend denies the allegations in Paragraph 55 of the Complaint.

## FOURTH CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

56.    The allegations in Paragraph 56 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend states that the common law covenant of good faith and fair dealing speaks

for itself and denies the allegations in Paragraph 56 of the Complaint to the extent they are inconsistent with the common law covenant of good faith and fair dealing.

57.    The allegations in Paragraph 57 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend states that the common law covenant of good faith and fair dealing speaks for itself and denies the allegations in Paragraph 57 of the Complaint to the extent they are inconsistent with the common law covenant of good faith and fair dealing.

58.    The allegations in Paragraph 58 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend states that the common law covenant of good faith and fair dealing speaks for itself and denies the allegations in Paragraph 58 of the Complaint to the extent they are inconsistent with the common law covenant of good faith and fair dealing.

59.    The allegations in Paragraph 59 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend states that the common law covenant of good faith and fair dealing speaks for itself and denies the allegations in Paragraph 59 of the Complaint to the extent they are inconsistent with the common law covenant of good faith and fair dealing.

60.     The allegations in Paragraph 60 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 60 of the Complaint.

61.     The allegations in Paragraph 61 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 61 of the Complaint.

62.     Dividend denies the allegations in Paragraph 62 of the Complaint.

## FIFTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY

63.     The allegations in Paragraph 63 of the Complaint state a legal conclusion. The Installer Agreement also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 63 of the Complaint inconsistent with the Installer Agreement.

64.     The allegations in Paragraph 64 of the Complaint state a legal conclusion. The Installer Agreement also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 64 of the Complaint inconsistent with the Installer Agreement.

65.     The allegations in Paragraph 65 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend is without sufficient information to form a belief as to the truth of the

allegations contained in the Paragraph 65 of the Complaint, and therefore, denies the same.

66.     Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 66 of the Complaint, and therefore, denies the same.

67.     The allegations in Paragraph 67 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 67 of the Complaint.

68.     Dividend denies the allegations in Paragraph 68 of the Complaint.

## SIXTH CAUSE OF ACTION – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

69.     Dividend states that O.C.G.A. § 11-2-314 speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 69 of the Complaint inconsistent with O.C.G.A. § 11-2-314.

70.     Dividend states that O.C.G.A. § 11-2-314 speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 70 of the Complaint inconsistent with O.C.G.A. § 11-2-314.

71.     The allegations in Paragraph 71 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend is without sufficient information to form a belief as to the truth of the

allegations contained in the Paragraph 71 of the Complaint, and therefore, denies the same.

72.   The allegations in Paragraph 72 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 72 of the Complaint.

73.   The allegations in Paragraph 73 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 73 of the Complaint.

74.   The allegations in Paragraph 74 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 74 of the Complaint.

75.   The allegations in Paragraph 75 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 75 of the Complaint.

76.   Dividend is without sufficient information to form a belief as to the truth of the allegations contained in the Paragraph 76 of the Complaint, and therefore, denies the same.

77.     The allegations in Paragraph 77 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 77 of the Complaint.

78.     Dividend denies the allegations in Paragraph 78 of the Complaint.

## SEVENTH CAUSE OF ACTION – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

79.     The allegations in Paragraph 79 of the Complaint state a legal conclusion. The Magnuson Moss Warranty Act also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 79 of the Complaint to the extent they are inconsistent with the express terms of the Magnuson Moss Warranty Act. Dividend denies the remaining allegations in Paragraph 79 of the Complaint.

80.     The allegations in Paragraph 80 of the Complaint state a legal conclusion. The Magnuson Moss Warranty Act also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 80 of the Complaint to the extent they are inconsistent with the express terms of the Magnuson Moss Warranty Act. Dividend denies the remaining allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint state a legal conclusion. The Magnuson Moss Warranty Act also speaks for itself. Therefore, no

response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 81 of the Complaint to the extent they are inconsistent with the express terms of the Magnuson Moss Warranty Act. Dividend denies the remaining allegations in Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint state a legal conclusion. The Magnuson Moss Warranty Act also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 82 of the Complaint to the extent they are inconsistent with the express terms of the Magnuson Moss Warranty Act. Dividend denies the remaining allegations in Paragraph 82 of the Complaint.

83.     The allegations in Paragraph 83 of the Complaint state a legal conclusion. The Magnuson Moss Warranty Act also speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 83 of the Complaint to the extent they are inconsistent with the express terms of the Magnuson Moss Warranty Act. Dividend denies the remaining allegations in Paragraph 83 of the Complaint.

84.     To the extent that the allegations Paragraph 84 refer to the contract documents executed as a part of the Installer Agreement between Plaintiff and Power Home Solar, LLC, those documents speaks for themselves and no response is

required. The remaining allegations in Paragraph 84 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 84 of the Complaint.

85.    The allegations in Paragraph 85 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 85 of the Complaint.

86.    Dividend denies the allegations in Paragraph 86 of the Complaint.

## EIGHTH CAUSE OF ACTION – VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

87.    Dividend states that O.C.G.A. § 10-1-391 speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 87 of the Complaint inconsistent with O.C.G.A. § 10-1-391.

88.    Dividend states that O.C.G.A. § 10-1-393 speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 88 of the Complaint inconsistent with O.C.G.A. § 10-1-393.

89.    Dividend states that O.C.G.A. § 10-1-393 speaks for itself. Therefore, no response is required. To the extent a response is required, Dividend denies any allegations in Paragraph 89 of the Complaint inconsistent with O.C.G.A. § 10-1-393.

90.    Dividend denies the allegations in Paragraph 90 of the Complaint pertaining directly to Dividend. The remaining allegations in Paragraph 90 of the

Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 90 of the Complaint.

91.     The allegations in Paragraph 91 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 of the Complaint state a legal conclusion. Therefore, no response is required. To the extent a response is required, Dividend denies the allegations in Paragraph 92 of the Complaint.

93.     Dividend denies the allegations in Paragraph 93 of the Complaint.

94.     Dividend denies the allegations in Paragraph 94 of the Complaint.

All allegations not specifically admitted are denied.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the defenses of waiver, estoppel, preclusion, prescription, or preemption.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive period.

## FOURTH DEFENSE

Plaintiff has suffered no damages due to any action, alleged inaction and/or failure by Dividend.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to name a necessary, proper, or indispensable party.

## SIXTH DEFENSE

Plaintiff's claims are barred by the express language of the Loan Agreement.

## SEVENTH DEFENSE

The negligent or intentional acts or omissions of others for whom Dividend is not responsible were the sole cause, or in the alternative, a substantial factor in causing Plaintiff's claimed injuries and damages. Accordingly, Dividend is not liable to Plaintiff, or alternatively, any award made in favor of Plaintiff must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## NINTH DEFENSE

Plaintiff's injuries, if any, may have been caused by the comparatively negligent acts and/or omissions of other persons or parties, including the Plaintiff, over whom Dividend has no control and/or for whom it was not otherwise legally responsible such that Dividend is or may be entitled to contribution, indemnity, and/or an instruction permitting the jury to apportion fault to those other persons or parties.

## TENTH DEFENSE

Plaintiff waived his rights to a jury trial under the Loan Agreement.

## ELEVENTH DEFENSE

Plaintiff's fraud claim must fail because he has failed to plead it with requisite particularity.

## TWELFTH DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTEENTH DEFENSE

Dividend asserts the following affirmative defenses to Plaintiff's claim for punitive damages:

1.      Plaintiff's Complaint fails to state a claim against Dividend for which punitive damages may be awarded;

2.      Plaintiff's claim for punitive damages against Dividend cannot be sustained because an award of punitive damages under Georgia law, without proof of every element beyond a reasonable doubt, would violate Dividend's due process rights under the Fourteenth Amendment to the United States Constitution;

3.      Alternatively, unless both Dividend's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Dividend's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

4.      Plaintiff's claim for punitive damages against Dividend cannot be sustained because any award of punitive damages under Georgia law without bifurcating the trial of all punitive damages issues would violate Dividend's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

5.      Plaintiff's claim for punitive damages against Dividend cannot be sustained because an award of punitive damages under Georgia law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a

maximum amount of the punitive damages that a jury could impose, would violate Dividend's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

6. Plaintiff's claim for punitive damages against Dividend cannot be sustained because an award of punitive damages under Georgia law by a jury that (a) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (b) is not instructed on the limits of punitive damages imposed by the applicable principles of the terms and punishment, (c) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Dividend, (d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (e) is not subject to judicial review on the basis of objective standards, would violate Dividend's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution, by the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment;

7.     Plaintiff's claim for punitive damages against Dividend cannot be sustained because an award of punitive damages under Georgia law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Georgia law would violate Dividend's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

8.     Plaintiff's claim for punitive damages against Dividend cannot be sustained because an award of punitive damages under Georgia law, without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination, and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel, would violate Dividend's due process rights under the Fourteenth Amendment to the United States Constitution;

9.     Any award of punitive damages based on anything other than Dividend's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, because any other judgment for punitive damages in this case cannot protect Dividend against impermissible multiple punishment for the same wrong;

10. Dividend denies that the conduct of any of its agents, servants or employees, by act or omission, was oppressive, fraudulent, malicious or grossly negligent, but in the event that it is adjudged to the contrary, Dividend specifically pleads that it has not authorized or ratified any such conduct nor should it have anticipated the conduct, if any, and Dividend specifically pleads and relies upon such facts as a complete bar to Plaintiff's claim for punitive damages.

## FOURTEENTH DEFENSE

Dividend reserves the right to amend its Answer and to add any additional affirmative defenses or counterclaims as this case develops.

WHEREFORE, Dividend demands as follows:

1. Dismissal of Plaintiff's Complaint in its entirety with prejudice;

2. Costs, expenses and attorneys' fees expended herein; and

3. Any and all other relief to which Dividend may be entitled.

This 29th day of February, 2024.

**BURR & FORMAN LLP**

*/s/ Brian J. Levy*
Brian J. Levy
Georgia Bar No. 302518
blevy@burr.com
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com

COUNSEL FOR DEFENDANT
DIVIDEND, A DIVISION OF FIFTH
THIRD BANK, NATIONAL
ASSOCIATION

1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing was served via the Court's CM/ECF electronic filing system and electronic mail upon the following:

Jarrett J. Farber
Kneupper & Covey PC
11720 Amber Park Drive, Suite 160, PMB 1271
Alpharetta, GA 30009
jarrett@kneuppercovey.com
*Counsel for Plaintiff*

This 29th day of February, 2024.

**BURR & FORMAN LLP**

*/s/ Brian J. Levy*
Brian J. Levy
Georgia Bar No. 302518
blevy@burr.com
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
COUNSEL FOR DEFENDANT
DIVIDEND, A DIVISION OF FIFTH
THIRD BANK, NATIONAL
ASSOCIATION

1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244